435 A.2d 604

**COMMONWEALTH of Pennsylvania**

v.

**Roger Worth TAGGART, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1981.

Filed Sept. 25, 1981.

William R. Wheatly, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, President Judge and HESTER and JOHNSON, JJ.

CERCONE, President Judge:

Appellant, Roger Worth Taggart, appeals from the lower court's denial of appellant's request for a new trial on the grounds of ineffective assistance of counsel. In his brief appellant argues that trial counsel was ineffective for various reasons, including that counsel failed to discuss and raise certain pre-trial motions which appellant felt were important. The lower court did not address itself to the merits of appellant's pre-trial motions because the court found that appellant had waived his right to raise these issues because they were not timely filed. We find the court to be in error on this point.

Appellant was first tried and convicted by a jury on January 24, 1974, of burglary and theft. Appellant received a sentence of four to eight years. No pre-trial motions were filed before this trial, however, after his conviction appellant filed a Post Conviction Hearing Act (PCHA)[1] petition which resulted in appellant's receiving a new trial. Appellant was subsequently retried before a jury on November 20, 1975 and was convicted of burglary. Immediately following the verdict, appellant was called before the court for sentencing. In the colloquy advising appellant of his right to appeal, the court warned appellant that by standing for sentence he was waiving the right to file motions in arrest of judgment and for a new trial. Appellant told the court that he was aware of that fact. The court sentenced appellant to serve three to six years in prison. Appellant then advised the court that he wanted to take an appeal.

At trial, in fact, at both trials, appellant had been represented by the Public Defender's Office, and so new counsel

---

1. Post Conviction Hearing Act, Act of 1966, January 25, P.L (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq., as amended by Act of June 26, 1980, 1980 Pa.Legis.Serv. 2, P.L. 219, No. 77.

was appointed to argue the issue of ineffectiveness in this appeal. Appellant through new counsel requested the lower court for an evidentiary hearing on this issue, which the lower court denied, and on appeal this Court remanded for an evidentiary hearing. *Commonwealth v. Taggart*, 258 Pa.Super. 210, 392 A.2d 758 (1978). At this hearing appellant contended that counsel at the second trial was ineffective in that (1) counsel failed to interview appellant sufficiently prior to trial in order to be adequately informed as to the total facts and circumstances of appellant's case, (2) counsel failed to discuss and raise certain pre-trial motions which appellant felt were important, (3) counsel failed to present a defense or to make any attempt to discuss with appellant the witnesses whom appellant wanted to call for trial, nor did counsel make any attempt to locate and interview said witnesses or to seek compulsory process to obtain these witnesses for trial.

The lower court in its opinion following the evidentiary hearing did not address the above issues; instead, the court ruled that trial counsel at the second trial acted properly in not filing pretrial motions prior to appellant's new trial because in the court's view appellant had no right to file pre-trial motions at that stage[2]. The court reasoned that although appellant had been granted a new trial, the pretrial stage terminated upon the commencement of the first trial. This ruling is in error.

In *Commonwealth v. Throckmorton*, 241 Pa.Super. 62, 359 A.2d 444 (1976), this Court discussed at length the implication of Pa.R.Crim.P. 323, the rule which provides that a criminal defendant may make application for suppression of any evidence alleged to have been obtained in violation of his constitutional rights. The Rule at that time provided that such a suppression motion should be filed ten days before the day the case is listed for trial.[3] In *Throckmorton*,

---

**2.** The lower court considered all three of the appellant's contentions to be part of "the pre-trial matters" and addressed them collectively.

**3.** Although Pa.R.Crim.P. 323 is still in effect, it no longer contains the set, ten day limitation and only requires that such motion be timely.

as in the instant case, the issue was whether an accused could on retrial file a suppression motion which had not yet been litigated in motions before the first trial. We held that under Rule 323, an accused may file such a motion before his second trial. We wrote:

> Rule 323 does not prohibit the litigation of a suppression motion after the grant of a new trial if there has been no prior determination of the issue. Nothing in the Rule limits the defendant to filing suppression motions prior to his *first* trial; the Rule simply requires that suppression motions be filed after the case has been returned to court and ten days prior to the beginning of the trial session in which the case is listed for trial, or, in districts having continuous trial sessions, ten days prior to the date of trial. Thus, Rule 323(b), by its terms, could equally refer to both a retrial and an initial trial, provided that the issue has not yet been determined. Rule 323(j); Pa.R. Crim.P.

241 Pa.Super. at 67, 359 A.2d 444. (emphasis in original.)

It is therefore clear that the hearing judge in the instant case was in error in ruling that appellant had no right to pre-trial motions. Nonetheless, this does not necessarily mean that appellant is entitled to a new trial. It is settled law that counsel cannot be found ineffective for failing to assert a meritless claim. *Commonwealth v. Johnson*, 490 Pa. 312, 416 A.2d 485 (1980). The proper course for the lower court in the instant case would have been to review those pretrial motions sought to be raised by appellant to determine if they had arguable merit and to further determine whether counsel's failure to raise these motions had "some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

Therefore, in view of the fact that the lower court did not address itself to the validity of appellant's claims, this case must be remanded for an opinion on this matter. Additionally, because no evidence was adduced at the evidentiary hearing regarding the merits of appellant's proposed pre-tri-

al motions, in particular the motion to hold appellant's arrest invalid, an additional hearing must be held so that the court can assess these motions.[4]

It is so ordered. This Court relinquishes jurisdiction.

4. There was a further claim by appellant that he did not knowingly, intelligently and voluntarily waive his right to file post-trial motions. At the evidentiary hearing appellant basically testified that trial counsel told appellant that since appellant had already been in jail for two years that the judge *probably* wouldn't extend his sentence if appellant chose not to file post-trial motions. However, it was counsel's opinion that if appellant did file post-trial motions, then the court would *probably* set bail so high that appellant wouldn't be able to meet it and he would have to stay in jail pending the disposition of said motions. On this point, the evidentiary hearing judge ruled that counsel was not ineffective, and we agree. It must be noted that counsel did not promise any particular sentence but only gave appellant his assessment of the situation. We do not find this to be ineffective assistance.