458 A.2d 541

**COMMONWEALTH of Pennsylvania**

**v.**

**James BLACKWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 22, 1981.

Filed March 18, 1983.

118

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

Appellant, James Blackwell, takes this appeal from his conviction for robbery. In his appeal, the appellant raises several issues, including: (1) the lower court erred in denying appellant's petition to dismiss under Pa.R.Crim.Pro. 1100, (2) the court erred in not formally arraigning appellant at least ten days prior to trial, (3) appellant was denied effective assistance of counsel for various reasons, and (4) the court erred in refusing to permit appellant to file pre-trial motions. We find the first three of these issues to have no merit, however, we find appellant's fourth issue to be valid and we remand for a hearing on appellant's pre-trial motions.

On July 9, 1977, the Montco Wholesale Food Warehouse in Chester, Pennsylvania was robbed by two men. Based on a description of the two felons and of the car they drove, the police stopped and arrested appellant two hours after the robbery. In due course, appellant was tried before a jury and convicted of robbery and related offenses.

Appellant first argues that the court erred in denying appellant's petition to dismiss the charges under Pa.R.Crim. Pro. 1100. A hearing was held on appellant's petition, and

the evidence introduced at this hearing shows that on July 9, 1977, the appellant was arrested and charged, and a preliminary arraignment was held that same day. On July 21, 1977, a preliminary hearing was held, at which time appellant signed a subpoena informing him that he was to appear for a formal arraignment on August 12, 1977 at a specified time and place, whereupon appellant was released on bail. On the designated date, however, appellant failed to appear for the arraignment. Therefore, in keeping with local procedures, the magistrate declared appellant to be a fugitive and recommended to the common pleas court that it issue a bench warrant. The bench warrant was not issued, however, until October 12, 1977, which was the date on which this matter was scheduled to go to trial. Because appellant had moved without notifying the court, appellant was not located until December 29, 1977, when he was arrested under the bench warrant.

At the Rule 1100 hearing, appellant testified that on the date that he was supposed to appear for his arraignment, that is August 12, 1977, he arrived an hour late and went instead to the Public Defender's Office. Appellant further testified that his public defender assured him that here would be no problem about a bench warrant and that appellant would be notified of a trial date. Appellant said that he never received such notice. Appellant now takes the position that the Commonwealth did not exercise due diligence in locating him and in bringing him to trial. We find this argument to be without merit.

■ In *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978), the Supreme Court ruled that the Commonwealth does not have to prove due diligence under Rule 1100 where a defendant was out on bail and had notice of a required court appearance but failed to appear as ordered. As the Supreme Court said in *Cohen*, 481 Pa. at page 354, 392 A.2d at page 1330:

Where a defendant undertakes to accept the status of bail during the pendence of court proceedings he assumes the responsibility of making himself available for any court

appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefiting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

We conclude that *Cohen* applies to appellant's case and so dismiss his first argument on that basis.

In his next issue, appellant contends that the lower court erred in not arraigning appellant ten days prior to trial. Appellant's formal arraignment did not take place until the day of trial, April 16, 1980. In 1977, when appellant was arrested, Pa.R.Crim.Pro. 317(b) required that "arraignment shall be in such form and manner as provided by local court rule or practice. It shall take place at least ten (10) days before trial unless provided otherwise by local court rule or waived by a defendant who has counsel." The Comments to the rule added this: "Although this Rule does not explicitly require formal arraignment, judicial districts must see to it that the purposes for which arraignments are held, as specified in this Rule, are observed in some fashion in all court cases."

In appellant's case, appellant was informally arraigned shortly after his arrest. Appellant makes no allegation of prejudice arising from having his formal arraignment at the time of trial. In *Commonwealth v. Jennings*, 446 Pa. 294, 285 A.2d 143 (1971), the Supreme Court approved an informal method of arraignment at a murder trial, and held that even if the procedure was in error, it was nonetheless harmless. The court noted that the purpose of arraignment is to fix the identity of the accused, to inform him of the nature of the charges against him, and to

provide him with the opportunity to plea thereto. In *Jennings*, the Court found that every purpose of an arraignment was satisfied and no prejudice resulted to the accused as a result of the failure to follow the rules of criminal procedure to the letter. We reach the same conclusion with regard to appellant's case.

■ In his next argument, appellant asserts that he was denied the effective assistance of counsel at trial for various reasons. The first of these is that counsel tried to persuade appellant to plead guilty, saying that if he didn't he would receive a substantial prison term. However, in view of the fact that appellant elected not to plead guilty, this argument is pointless.

■ Appellant's second contention is that trial counsel was ineffective because counsel was aware of, but failed to call, "a witness who would have testified that the appellant was not involved in the commission of this crime." Appellant, however, does not offer the name of this witness nor relate the substance of this witness' proposed testimony. In this respect, appellant's case is comparable to that of *Commonwealth v. Oliver*, 280 Pa.Superior Ct. 274, 421 A.2d 719 (1980),[1] where we refused to either find counsel ineffective or to remand for a hearing on the question of counsel's failure to call witnesses in the accused's behalf. We ruled that where the accused did not identify the witnesses nor indicate what testimony the witnesses would have given, such remedies were not warranted. See also, *Commonwealth v. Charleston*, 251 Pa. Superior Ct. 311, 380 A.2d 795 (1977).

■ Lastly, appellant argues that the court erred in refusing to permit appellant to file pre-trial motions. The lower court ruled that since appellant failed to appear at his

---

1. Although *Commonwealth v. Oliver*, supra, is procedurally different in that it was a case under the Post Conviction Hearing Act, 19 P.S. 1180–1 et seq., we nonetheless find its reasoning to be applicable to the present situation.

first scheduled trial date of October 12, 1977, that appellant forever waived his right to file pre-trial motions. On this point, the trial court is in error.

At the time that appellant's case was pending for trial, Pa.R.Crim.Pro. 305 stated:

Except as provided in these Rules, no pretrial application shall be considered if made less than ten days beofre trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application.[2]

While Rule 305 was not itself discussed by this Court in *Commonwealth v. Throckmorton,* 241 Pa. Superior Ct. 62, 359 A.2d 444 (1976), we did address ourselves to an identical time limitation then contained in Pa.R.Crim.Pro. 323(b), which dealt with pre-trial suppression motions. Rule 323 required that a suppression motion be filed ten days before the day the case was listed for trial. The issue in *Throckmorton* was whether an accused on retrial could file a suppression motion which had not yet been litigated in motions before the first trial. We held that under Rule 323, an accused may file such a motion before his second trial, and we concluded that Rule 323 "by its terms, could equally refer to both a retrial and an initial trial, provided that the issue has not yet been determined."

Our subsequent opinion in *Commonwealth v. Taggart,* 291 Pa. Superior Ct. 133, 435 A.2d 604 (1981) is even more to the point. In *Taggart,* the accused had been granted a new trial; this trial ended with the defendant's conviction. Subsequently, the defendant filed a PCHA petition in which he alleged that trial counsel was ineffective because, *inter alia,* he failed to raise certain issues in pre-trial motions. The PCHA hearing judge dismissed this contention and

**2.** The rules of procedure had been amended by the time appellant came to trial on April 16, 1980, however, the rules specifically provided that the new time limits were only effective as to cases in which the indictment or information was filed on or after January 1, 1978.

ruled that trial counsel at the second trial acted properly in not filing pre-trial motions because, in the Court's view, the defendant had no right to file such motions at that stage. The court reasoned that although the defendant had been granted a new trial, the pre-trial stage terminated upon the commencement of the first trial. We found this to be error, based upon our reasoning in *Throckmorton*. However, despite the error, we did not find that the trial court's error in refusing the motions automatically entitled the defendant to a new trial. Rather, we noted that trial counsel cannot be found ineffective for failing to assert a meritless claim and we concluded that the proper course for the PCHA court in *Taggart* would have been to review the pretrial motions sought to be raised by the defendant to determine if they had arguable merit and to further determine whether counsel's failure to raise these motions had some reasonable basis designed to effectuate his client's interests.

 A similar result must be reached in appellant's case. Regardless of the reason, appellant's trial was postponed and appellant was given a new trial date. In keeping with the reasoning in *Throckmorton* and *Taggart*, the timeliness of appellant's pre-trial motions must be determined in relation to his final trial date, not his original trial date. Nevertheless, as we said in *Taggart*, this does not automatically entitle appellant to a new trial. Instead, appellant's case must be remanded for a hearing on appellant's pre-trial motions. If the court finds merit in any of appellant's issues, it is to grant appropriate relief. If, however, the court finds no merit in any of appellant's claims, then appellant's conviction shall stand. In all other respects, we find no merit in appellant's issues.

Remanded for a hearing on appellant's pre-trial motions. If the court finds merit in any of these pre-trial motions, it is to grant appropriate relief. If the court finds no merit in these issues, then appellant's conviction shall stand. This Court relinquishes jurisdiction.