J-S38034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID PHILLIP PIERGROSSI | |
| Appellant | No. 1647 EDA 2015 |

Appeal from the Judgment of Sentence May 5, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005014-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED May 11, 2016**

David Piergrossi files this direct appeal from his judgment of sentence for robbery, terroristic threats, theft by unlawful taking, receiving stolen property, possession of an instrument of crime and simple assault.[1]  We affirm.

The evidence of record demonstrates that on June 18, 2012, Piergrossi held up a supervisor in the jewelry department of a Kohl's Department Store and forced her at gunpoint to hand over gold chains from a display case. Shortly after Piergrossi left the department store, he was apprehended during a traffic stop.  Later that day, Limerick Township police filed a criminal complaint against Piergrossi.

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 2706(a)(1), 3921(a), 3925(a), 907(a), and 2701(a)(3), respectively.

On August 21, 2012, Piergrossi was arraigned at Graterford Prison via videoconference. Multiple continuances followed which delayed Piergrossi's case from proceeding to trial until February 2015.

On February 3, 2015, several days before trial, Piergrossi filed a motion to dismiss all charges against him under Pennsylvania's speedy trial rule, Pa.R.Crim.P. 600. His motion claimed that his arraignment was defective, which in turn made the Commonwealth responsible for a series of pretrial continuances, thus violating his right to a speedy trial under Rule 600. On February 9, 2015, the court denied the Rule 600 motion, and the case proceeded to trial.

After a two-day trial, the jury found Piergrossi guilty of the aforementioned offenses. On May 5, 2015, the court sentenced him to an aggregate term of 11-25 years' imprisonment. Piergrossi filed a timely notice of appeal, and both Piergrossi and the trial court complied with Pa.R.A.P. 1925.

Piergrossi raises the following issues in this appeal:

1. Was [Piergrossi] ever properly arraigned in this matter in that:

   a. The Bill of Information was not signed or filed by the Commonwealth at the time of the arraignment, and

   b. [Piergrossi] was allowed to proceed *pro se* without the court conducting a colloquy to determine if [Piergrossi] could represent himself at the arraignment?

2. Was [Piergrossi]'s right to a speedy trial under Pennsylvania Rule 600 violated when the Commonwealth did not establish

due diligence because it was partially the Commonwealth's fault that [Piergrossi] was not properly arraigned?

Brief For Appellant, at 3.

In his first argument, Piergrossi alleges that his arraignment was improper. We hold that Piergrossi has waived his claims of arraignment error.

The record reflects that on August 21, 2014, Piergrossi's arraignment took place via videoconference between the courtroom and Piergrossi at Graterford Prison. A public defender in the courtroom attempted to represent Piergrossi, but Piergrossi indicated his desire to represent himself. N.T., 8/21/14, at 2. The court allowed Piergrossi to proceed *pro se* without colloquying him as to whether he was representing himself knowingly, intelligently and voluntarily. *Id*. at 3. The Assistant District Attorney handed bills of information to the court but advised that she wanted to amend the bills before filing them. The court read Count 1 of the bills to Piergrossi and asked how he wished to plead. *Id*. at 5. Piergrossi refused to enter a plea, asserting that the court lacked subject matter jurisdiction. *Id*. at 6. The court assured Piergrossi that it had jurisdiction and asked several more times how he wished to plead to Count 1, but Piergrossi again refused to enter a plea. *Id*. at 7-10. The court thereupon entered pleas of not guilty on all counts on Piergrossi's behalf. The Commonwealth filed bills of information against Piergrossi the next day.

Well over two years later, on February 3, 2015, Piergrossi filed a motion claiming that two errors during his arraignment laid the foundation for dismissal of his case under Rule 600: (1) the Commonwealth's failure to file bills of information prior to his arraignment, and (2) the court's decision to allow Piergrossi to represent himself at his arraignment without conducting a colloquy to ascertain whether he knowingly, intelligently and voluntarily waived his right to counsel. These defects, said Piergrossi, made the Commonwealth responsible for 428 days of subsequent continuances, thus requiring dismissal of his case under Rule 600.

"One must object to errors, improprieties or irregularities at the earliest possible stage of the criminal ... adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." ***Commonwealth v. Strunk***, 953 A.2d 577, 580 (Pa.Super.2008). "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[T]rial judges must be given an opportunity to correct errors at the time they are made." ***Strunk***, 953 A.2d at 579.

The Rules of Criminal Procedure provide that the proper time to allege any arraignment errors is in an omnibus pretrial motion for relief. The Rules provide: "Unless otherwise required in the interests of justice, *all pretrial requests for relief* shall be included in one omnibus motion." Pa.R.Crim.P 578 (emphasis added). The Rules further state that "the omnibus pretrial

motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(a).

Assuming without accepting that there were arraignment errors, Rules 578 and 579 required Piergrossi to object to these mistakes in an omnibus pre-trial motion within thirty days after his arraignment, or by September 20, 2012. The first time that Piergrossi raised any objections, however, was in his Rule 600 motion on the eve of trial, almost 2½ years later. The record demonstrates that Piergrossi was represented by counsel at all times after his arraignment. Piergrossi fails to explain why counsel did not file a timely omnibus motion alleging arraignment errors and requesting re-arraignment. It smacks of gamesmanship for Piergrossi to use arraignment errors to torpedo the Commonwealth's case under Rule 600 when he could have raised these errors years earlier in an omnibus motion, long before the Rule 600 run date. Thus, Piergrossi has waived these claims of error.

Even if Piergrossi preserved these claims for appeal, and again assuming without accepting that error occurred, neither error caused Piergrossi prejudice. The purpose of arraignment is to fix the identity of the accused, inform him of the nature of the charges against him, and provide him with the opportunity to plea thereto. Pa.R.Crim.P. 571;

*Commonwealth v. Blackwell*, 458 A.2d 541, 543 (Pa.Super.1983). Failure to follow the rules of arraignment to the letter is harmless error if the purposes of arraignment are fulfilled and the defendant suffers no prejudice. *Blackwell*, *supra*.

Piergrossi complains that the Commonwealth failed to file the bills of information until after his arraignment, thus violating the requirement in the Rules for the Commonwealth to file bills of information in advance of arraignment. *See* Pa.R.Crim.P. 571(A) ("arraignment shall take place no later than 10 days after the information has been filed"). The trial court correctly reasoned that the tardy filing of the bills caused no harm to Piergrossi:

> The Bills of Information were filed the next day [after Piergrossi's arraignment] and do not reflect the amendment the Assistant District Attorney indicated she would make. Therefore, but for [Piergrossi]'s obstreperous behavior, the Court would have read the charges from an identical copy of the Bills of Information. [Piergrossi]'s behavior resulted in pleas of not guilty being entered on his behalf; therefore, [Piergrossi] cannot show that he suffered any prejudice as a result of the Bills being filed one day after arraignment.

Pa.R.A.P. 1925 Opinion, at 9-10.

Piergrossi also argues that the court should not have permitted him to proceed *pro se* at his arraignment without determining whether he knowingly, intelligently and voluntarily waived his right to counsel. The court properly reasoned that Piergrossi suffered no harm from proceeding *pro se* during his arraignment:

- 6 -

> While arraignment is a crucial stage of the proceedings and a defendant is entitled to counsel at that stage, there is no error or prejudice where a defendant appears *pro se* and enters a plea of not guilty without waiving any rights. See ***Commonwealth v. Jones***, 308 A.2d 598, 602-603 (Pa.1973) (finding arraignment not fatally defective where defendant appeared *pro se*, signed pauper's oath, and entered plea of not guilty where counsel was appointed shortly after arraignment and defendant's ability to present a defense suffered no prejudice).

> While it is true that the Court did not colloquy [Piergrossi] before allowing him to proceed *pro se*, such error is harmless error. [The public defender at the arraignment] began to advise [Piergrossi] of his rights and what would happen at a formal arraignment. Counsel remained in the courtroom and was available to [Piergrossi]. After being allowed to address the Court directly, [Piergrossi]'s behavior resulted in the Court entering pleas of not guilty on his behalf. Both the Court and the public defender's office believed that [Piergrossi] was properly arraigned and proceeded accordingly. A public defender entered her appearance on September 4, 2012 and filed a timely Request for Pre–Trial Discovery that same day pursuant to Pa.R.Crim.P. 573(A). Additionally, on September 12, 2012, she filed an omnibus pretrial motion, which is required to be filed within 30 days of arraignment. Pa.R.Crim.P. 579. [Piergrossi] was zealously represented by counsel at all times following his arraignment and his rights were protected by the filing of all appropriate motions; therefore, he suffered no prejudice from being permitted to appear *pro se* at his arraignment.

Pa.R.A.P. 1925 Opinion, at 10-12.

In his second issue on appeal, Piergrossi argues that the trial court abused its discretion by denying his Rule 600 motion. We disagree.

Rule 600, as amended on July 1, 2013, provides: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). For purposes of Rule 600(A), "periods of delay at any stage of

the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

We often refer to the 365-day period in which trial must commence as the "mechanical run" date. *Commonwealth v. McNear*, 852 A.2d 401, 406 (Pa.Super.2004). "The mechanical run date can be modified or extended by adding to the date any periods of excludable or excusable delay. Once the mechanical run date is modified, it then becomes an adjusted run date." *Id*. "A defendant is not automatically entitled to dismissal of the charges where trial starts after the mechanical run date … Rather, dismissal is only proper where defendant is not brought to trial within the adjusted run date, after subtracting all excusable and excludable time." *Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa.Super.2015).

"Excludable time includes delay caused by the defendant or his lawyer. Concomitantly, excusable delay occurs where the delay is caused by 'circumstances beyond the Commonwealth's control and despite its due diligence.'" *Roles*, 116 A.3d at 125. Additionally, "delay occasioned by the court's unavailability is usually excusable. However, the Commonwealth may, under some circumstances (e.g. a prolonged judicial absence), have a duty to seek other courtrooms to try the case. The extent of this duty depends on the specifics of each case." *Commonwealth v. Riley*, 19 A.3d

1146, 1149 (Pa.Super.2011). Due diligence is a fact-specific concept to be determined on a case-by-case basis. It requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care. *Commonwealth v. Claffey*, 80 A.3d 780, 786 (Pa.Super.2013). The Commonwealth bears the burden of demonstrating that it exercised due diligence by a preponderance of the evidence. *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa.2012).

The standard of review relating to the application of Rule 600 is "whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party." *Commonwealth v. Malgieri*, 889 A.2d 604, 606 (Pa.Super.2005).

The trial court comprehensively explained the reasons for each continuance in Piergrossi's case between his arrest on June 18, 2012 and his trial on February 9-10, 2015. Pa.R.A.P. 1925 Opinion, at 3-7 (attached). The court denied Piergrossi's Rule 600 motion by determining that only 135 days during this time period were neither excusable nor excludable:

> A criminal complaint in the instant matter was filed June 18, 2012[;] therefore, for purposes of Rule 600, the mechanical run date was June 18, 2013. Jury selection began on February 9, 2015, 966 days after the filing of the complaint. However, the bulk of this delay was attributable to [Piergrossi's] medical condition, the unavailability of defense counsel, and a backlog of the Court's docket … No evidence was presented to indicate that the Commonwealth was unprepared for trial. The Assistant

- 9 -

District Attorney admitted 39 emails detailing her communications with witnesses, defense counsel and the Court attempting to bring this case to trial. Additionally, there was no prolonged judicial absence triggering a duty on the part of the Commonwealth to seek another courtroom in which to try this case …

For purposes of Rule 600, the only time that is not excludable or excusable appears to be 135 days (98 days from the date of arrest (6/18/12) until the first pretrial conference (9/24/12) and 37 days from the time the case was placed on the trial list (11/13/12) until the first trial listing (12/20/12)). Therefore, 831 days are excludable or excusable based on [Piergrossi's] medical condition, defense counsel's schedule and the Court's unavailability and not on a failure of the Commonwealth to exercise due diligence. Therefore, the adjusted run date is September 27, 2015 (831 days from the mechanical run date of June 18, 2013). Trial commenced on February 9, 2015, well before the adjusted run date.

Pa.R.A.P. 1925 Opinion, at 14-15.[2] Having reviewed the record of the Rule 600 evidentiary hearing and the trial court's findings, we conclude that the trial court's analysis is correct, and that it properly exercised its discretion in denying Piergrossi's Rule 600 motion. Piergrossi's second issue on appeal is devoid of merit.

Judgment of sentence affirmed.

---

[2] The trial court added that there was no Rule 600 violation based on alleged defects in Piergrossi's arraignment, because these defects were at most harmless errors. Pa.R.A.P. 1925 Opinion, at 12. We agree with the trial court based on our reasoning on pages 3-7, **supra**.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :               No. 5014-12

                         :

                  v.              :

                         :

DAVID PHILLIP PIERGROSSI        :

### OPINION

**O'NEILL, J.**                                 **August 7_, 2015**

Defendant, David Philip Piergrossi, appeals from the judgment of sentence entered on May 5, 2015. For the reasons set forth below, the judgement of sentence should be affirmed.

## I.     Facts

On June 18, 2012, at approximately 8:30 am, the Defendant entered the Kohl's Department Store in Limerick Township, Montgomery County. Donna Hoffman, who was at that time the jewelry department supervisor, was preparing the section for the day. ( N.T., Trial by Jury, 2/11/15, pp. 5-6). Hoffman observed the Defendant looking at the locked gold chain display case and asked him if he needed help. Id. at 7. Hoffman observed that the Defendant had a rag over his face, which he said was because his allergies were bothering him. Id. at 8. He was wearing dark clothes and a hat, and kept the rag up to his face. Id. Hoffman noted that he was wearing a blue pullover fleece, which she thought was unusual for the middle of June. Id. at 9. When Hoffman bent down to get a chain from the case to show the

Defendant, he pulled out a gun[1] and said "Give them all to me. I want them all. Give them all to me." Id. Hoffman screamed as the Defendant came behind the counter to grab the chains from the open case. Id. at 9-10. Hoffman feared that the Defendant was going to shoot her and jumped the counter in an attempt to get away from the Defendant. Id.

After hearing Hoffman's screams, Kohl's loss prevention officer, Ben Zieser, stepped out the nearest door and saw a male subject walking north through the parking lot wearing Timberland style boots, medium colored blue jeans and a blue fleece top, with the collar pulled up to obscure his face. (N.T., Trial by Jury, 2/10/15, pg.46- 47). The subject was wearing glasses and had his face covered. Id. at 48. Zieser attempted to get the license plate number of the vehicle the subject got in to, but the plate was obscured by blue painter's tape. Id. at 49.

A Kohl's customer, Regina Phillips arrived in the parking lot at approximately 8:30 am. Id. at 103. As she was about to get out of her car to enter the store to pay her bill, she noticed the Defendant walking briskly through the parking lot, while pulling something up over his face. Id. Phillips thought this was unusual given the weather. Id. He was wearing a blue sweater, with a collar he was pulling up toward his face, jeans and he had a bag in his hand. Id. at 107. Phillips attempted to get the license plate number of the Defendant's car, a black Jeep Cherokee, which was backed into

---

[1] The gun later proved to be an airsoft BB gun.

the spot directly in front of her, but it was obscured by blue painter's tape. Id. at 104-105.

Meanwhile, Officer Christopher Wienczek, of the Limerick Township Police Department, was en route to the store, when he observed a black SUV coming towards him that matched the description of the vehicle in the dispatch, including that a witness had seen blue painter's tape on the license plate. Id. 121-22. The officer slowed down and the vehicle passed him, at which time he could see that there was blue tape on the rear door latch of the vehicle. Id. The officer turned around, followed the vehicle and, after confirming the information given in the dispatch, initiated a traffic stop. Id. at 122.

Later in the day, after obtaining a search warrant, Detective Matthew Daywalt, of Limerick Township Police Department, and another officer searched the vehicle. Id. at 146. A search of the car revealed crumpled up painter's tape, a dirty white cloth, a dark bandana, a Crown Royal bag containing the stolen jewelry from Kohl's, a blue fleece pullover, and a weapon. Id. at 149-59, 163-64. The weapon is the weapon Defendant is seen using in the surveillance videos from the robbery.[2] Id. at 157. However, upon further examination, law enforcement determined the gun was in fact an Airsoft BB gun. Id. at 158.

II.     **Procedural History**

A criminal complaint was filed June 18, 2012. Defendant's preliminary arraignment was June 19, 2012. (N.T., Trial by Jury, 2/10/15, pg. 170). A

---

[2] The entire incident was captured on various surveillance cameras within the store which were admitted into evidence at the Defendant's trial.

Preliminary Hearing was held on June 28, 2012, and Defendant's bail was set at $50,000 unsecured. (N.T., Rule 600 Hearing/Jury Selection, 2/9/15, pg. 7). A state detainer was lodged that same date. Id. On August 21, 2012, a formal arraignment was held via video; a public defender was in the courtroom, but the Defendant expressed a desire to proceed pro se. Id. By Order of August 21, 2012, the Court[3] indicated that the Defendant was arraigned that date and a pleas of not guilty were entered on his behalf. On August 22, 2012, the Bills of Information were filed in the Clerk of Courts. Id. at 8. On September 4, 2012, a Public Defender entered her appearance. Id. On September 12, 2012, the Public Defender filed a timely Omnibus Pretrial Motion and a Motion for Discovery. Id.

The first pretrial conference was scheduled for September 19, 2012, and was passed to September 24, 2012 because the Defendant was not transported to the courthouse. Id. at 9. On September 24, 2012, at the first pretrial conference, the Defendant requested a continuance, and additional discovery was ordered. Id. A second pretrial conference took place on November 13, 2012, at which time the case was placed on the trial list. Id.

On December 20, 2012, at the first trial list, the case was continued to next trial list because the Defendant was not transported, the continuance was placed on Defendant. Id. At the next trial list January 17, 2013, the case was placed on the standby trial list for the period of January 23, 2013 to February 1, 2013. Id. On January 18, 2013, the Defendant's bail was reset to $50,000

---

[3] The Defendant was arraigned in front of The Honorable William T. Nicholas, Senior Judge.

cash, and Attorney McMahon entered his appearance. Id. at 10. On or about January 24, 2013, Defendant posted bail. On January 31, 2013, the case was called in for trial, at which time the Commonwealth was ready to proceed, however, the Defendant requested a continuance and the first Rule 600 waiver was signed. Id. At the March 28, 2013 trial list, the case was placed on standby, and was not reached during the period of April 1-12, 2013. Id. at 10-11. At April 18, 2013 trial list, the case was again placed on standby from April 22 to May 3, 2013. Id. at 11. On April 29, 2013, the case was called for trial; the Commonwealth was ready to proceed; Defense counsel was not prepared for trial, therefore, Defendant requested a continuance and signed another Rule 600 waiver. Id. At the May 16, 2013 trial list, the case was again placed on standby from May 20 to June 14, 2013, and was not reached during that period. Id. At the June 21, 2013 trial list, the case was placed on standby from June 24 to July 26, 2013, and, again, the case was not reached. Id. At the August 2, 2013 trial list, the case was placed on standby from August 5 to August 30, 2013, and was not reached; there was no indication that the Commonwealth was not ready to proceed. Id. at 11-12. At the September 9, 2014 trial list, the case was again placed on standby from September 11, 2013 to September 27, 2013, and was not reached. Id. at 12. At the October 8, 2013 trial list, the case was placed on standby from October 10 to November 1, 2013, and was not reached. Id. At the November 13, 2013 trial list, Defendant requested a 60 day continuance. Id. At the January 7, 2014, trial list, the case was placed on standby from January 10 to January 31, 2014, and was not

reached. Id. At the February 11, 2014 trial list, the case was placed on standby trial list for February 24 to March 7, 2014 and given priority. Id. On February 24, 2014, the case was called for trial. The Defendant was undergoing surgery; therefore, Attorney McMahon requested a continuance and a Rule 600 waiver was signed. Id. at 12-13. At the March 18, 2014, because the case had been previously continued, the defense continuance was noted for the record. Id. at 13. At the June 4, 2014 trial list, case was again continued by the Defendant due to his continued illness. Id. At the June 30, 2014 trial list, Defendant requested a continuance and a Rule 600 waiver was signed. Id. At the July 28, 2014 trial list, case was given date certain of November 17, 2014. Id. At the October 20, 2104 trial list, the date certain was again noted. On November 17, 2014, attorney McMahon indicated that there was a problem with the case and that Defendant wished to obtain new counsel. Id. The next day, on November 18, 2014, attorney McMahon filed a motion to withdraw, date certain was continued for new counsel to enter appearance. Id. at 13-14. The motion was granted on or about December 8, 2014. At December 8, 2014 trial list, Defendant's new counsel, Attorney Walsh, was not prepared for trial and requested a continuance; Defendant signed a Rule 600 waiver. Id. at 14. On December 22, 2014, Defendant's bail was revoked because of a new arrest. Id. Trial was scheduled for January 12, 2015. Id. On January 6, 2015, Attorney Walsh filed a motion to continue the January 12, 2015 trial date, the Court granted the motion, and a Rule 600 waiver was signed. Id. By order of January 14, 2015, trial was again

scheduled for February 2, 2015; however, Defense counsel was unavailable. Id. At the January 20, 2015 trial list, the date certain was continued to February 9, 2015. On February 3, 2015, Defendant filed a Motion to Dismiss based on Rule 600. Id. A hearing on the motion to dismiss began on February 5, 2015 and concluded on February 9, 2015. Jury selection commenced immediately following the denial of the Rule 600 motion.

Following a two day jury trial, Defendant was convicted of Count 1-Robbery,[4] Count 3-Terroristict Threats,[5] Count 4-Theft By Unlawful Taking,[6] Count 5-Receiving Stolen Property,[7] Count 6-Possessing an Instrument of Crime[8] and Count 9-Simple Assault[9]. On May 5, 2015, Defendant received an aggregate sentence of 11-25 years to be served in a State Correctional Facility. Defendant did not file any post sentence motions. On June 3, 2015, Defendant filed a timely notice of appeal and has complied with this Court's June 5, 2015 Order for a Concise Statement.

III.     Issues

Defendant raises the following issues in his concise statement:

1. The Appellant was never properly arraigned in this matter in that:

    a. The Bills of Information were not signed or filed by the Commonwealth at the time of the arraignment, and

---

[4] 18 Pa. C.S.A. § 3701(a)(1)(iv)
[5] 18 Pa. C.S.A. §2706(a)(1)
[6] 18 Pa. C.S.A. §3921(a)
[7] 18 Pa. C.S.A. §3925(a)
[8] 18 Pa. C.S.A. §907(a)
[9] 18 Pa. C.S.A. §2701(a)(3)

b. The Appellant was allowed to proceed pro se without the court conducting a colloquy to determine if the Appellant could represent himself at the arraignment

2. The Appellant's right to a speedy trial under Pennsylvania Rule 600 was violated and the Commonwealth did not establish due diligence because it was partially the Commonwealth's fault that the Appellant was not properly arraigned.

## IV. Discussion

### 1. Defendant was properly arraigned. Alternatively, any defect in his arraignment was harmless error.

The purpose of arraignment is to fix the identity of the accused, to advise the Defendant the charges against him and to allow him to enter a plea. See Commonwealth v. Blackwell, 458 A.2d 541,543 (Pa. Super. 1983). Failure to comply with the technical requirements of the Rule is harmless error if the purposes of arraignment have been fulfilled when defendant suffers no prejudice. Id. (citing Commonwealth v. Jennings, 285 A.2d 143 (Pa. 1971))[10].

Pursuant to the Rules of Criminal Procedure,

(C) At arraignment, the defendant shall be advised:

(1) of the right to be represented by counsel;
(2) of the nature of the charges contained in the information;
(3) of the right to file motions, including a Request for a Bill of Particulars, a Motion for Pretrial Discovery and Inspection, ... and the time limits within which the motions must be filed; and
(4) if the defendant fails to appear without cause at any proceeding for which the defendant's presence is required, including trial, that the defendant's absence

---

[10] These cases deal with the former rule regarding arraignment, Pa. R. Crim. P. 317.

> may be deemed a waiver of the right to be present, and the proceeding may be conducted in the defendant's absence.

Pa. R. Crim. P. 571

### a. The purpose of arraignment was accomplished and the Bills of Information were filed August 22, 2012.

At the Defendant's formal arraignment on August 21, 2012, which was held via videoconference as permitted by Pa. R. Crim. P. 571(B), the Assistant District Attorney indicated that she had the Bills of Information and could sign them but she wanted to make two amendments. (N.T., Videotaped Formal Arraignment, 8/21/12, pg. 4). The Court was given a copy of the Bills.

The Court then began to read the Bills of Information to the Defendant. Id. at 5. Following count 1, the Defendant refused to enter a plea because he did not believe that the Court had subject matter jurisdiction. (N.T., Videotaped Formal Arraignment, 8/21/12, pg. 5-6). After assuring the Defendant that subject matter jurisdiction did, in fact, lie with the Court of Common Pleas, the Court attempted, again, to have the Defendant enter a plea, however, the Defendant refused to participate in the formal arraignment process. Id. at 7. Therefore, the Court indicated that pleas of not guilty would be entered on his behalf. Id. After challenging the Court's authority to enter pleas on his behalf, the Defendant agreed to let the Court proceed with a formal arraignment. Id. at 8-9. The Court again attempted to read the formal charges, and, again, the Defendant continued to challenge the Court's subject matter jurisdiction. Id. at 10. Therefore, the Court entered pleas of not guilty on all counts on his behalf.

The Bills of Information were filed the next day, and do not reflect the amendment the Assistant District Attorney indicated she would make. Therefore, but for the Defendant's obstreperous behavior, the Court would have read the charges from an identical copy of the Bills of Information. The Defendant's behavior resulted in pleas of not guilty being entered on his behalf; therefore, Defendant cannot show that he suffered any prejudice as a result of the Bills being filed one day after arraignment.

### b. Failure to colloquy the Defendant was harmless error.

While arraignment is a crucial stage of the proceedings and a Defendant is entitled to counsel at that stage, there is no error or prejudice where a Defendant appears *pro se* and enters a plea of not guilty without waiving any rights. See Commonwealth v. Jones, 308 A.2d 598, 602-603 (Pa. 1973)(Finding arraignment not fatally defective where defendant appeared *pro se*, signed pauper's oath, and entered plea of not guilty where counsel was appointed shortly after arraignment and defendant's ability to present a defense suffered no prejudice).

A public defender was in the courtroom and attempted to represent Defendant, however, Defendant indicated his desire to proceed *pro se* at that stage, which the Court allowed. The following exchange took place between the public defender, the defendant and the Court:

> Mr. Nester: Do you understand that at formal arraignment, your charges would be read in open court, and you would be advised of certain deadlines for the filing of various motions and requests for discovery from the Commonwealth? Okay?

> Defendant: Yes.

Mr. Nester: Okay. Are you willing today to waive that formal arraignment? And you will be presented with a form later on---I guess as soon as they can get one to you, that you can sign and enter a written plea of not guilty. Okay.

Defendant: No, I'm not willing to waive the formal arraignment. I'm also prepared to go pro se today. I have submitted some things to the Court, and I've gotten it back, so I'm sure the court has it. And I just need you to be standby counsel, if that's okay with the Judge.

Court: Yes. All right.

Defendant: I have some issues I want to talk about.

Mr. Nester: Okay. The judge is going to instruct you from here. Okay? And I will be in the courtroom.

N.T., Videotaped Formal Arraignment, 8/21/12, pp. 2-3.

While it is true that the Court did not colloquy the defendant before allowing him to proceed *pro se*, such error is harmless error. Attorney Nester began to advise the Defendant of his rights and what would happen at a formal arraignment. Counsel remained in the Courtroom and was available to the Defendant. After being allowed to address the Court directly, the Defendant's behavior resulted in the Court entering pleas of not guilty on his behalf. Both the Court and the public defender's office believed that Defendant was properly arraigned and proceeded accordingly. A public defender entered her appearance on September 4, 2012 and filed a timely Request for Pre-Trial Discovery that same day pursuant to Pa. R. Crim. P. 573(A). Additionally, on September 12, 2012, she filed an omnibus pretrial motion, which is required to be filed within 30 days of arraignment. Pa. R. Crim. P. 579. Defendant was zealously represented by counsel at all times following his arraignment and his

rights were protected by the filing of all appropriate motions, therefore, he suffered no prejudice from being permitted to appear *pro se* at his arraignment.

## 2. Rule 600 was not violated.

The Defendant was properly arraigned, alternatively, as discussed above, any defect in his arraignment was harmless error, therefore, there can be no violation of Rule 600 based on a defect in the arraignment.

Rule 600 provides, in pertinent parts:

(A) Commencement of Trial; Time for Trial

> (2)Trial shall commence within the following time periods.

>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

(C) Computation of Time

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa. R. Crim. P. 600

This 365-day period in which trial must commence is known as the "mechanical run" date. Commonwealth. v. McNear, 852 A.2d 401, 406 (Pa. Super. 2004). "The mechanical run date can be modified or extended by adding to the date any periods of excludable or excusable delay. Once the mechanical run date is modified, it then becomes an adjusted run date." Id. A defendant

is not automatically entitled to dismissal of the charges where trial starts after the mechanical run date, rather dismissal is only proper where defendant is not brought to trial within the adjusted run date, after subtracting all excusable and excludable time. Commonwealth v. Roles, 116 A.3d 122 (Pa. Super. 2015), reargument denied (July 14, 2015)(citing Commonwealth v. Goldman, 70 A.3d 874, 879 (Pa. Super. 2013) appeal denied, 85 A.3d 482 (Pa. 2014)).

"Excludable time includes delay caused by the defendant or his lawyer. Concomitantly, excusable delay occurs where the delay is caused by 'circumstances beyond the Commonwealth's control and despite its due diligence.'" Id. Additionally, "delay occasioned by the court's unavailability is usually excusable. However, the Commonwealth may, under some circumstances (e.g. a prolonged judicial absence), have a duty to seek other courtrooms to try the case. The extent of this duty depends on the specifics of each case." Commonwealth v. Riley, 19 A.3d 1146, 1149 (Pa. Super. 2011)(citations omitted). Due diligence is a fact-specific concept to be determined on a case-by-case basis. It requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care. Commonwealth v. Claffey, 80 A.3d 780, 786 (Pa. Super. 2013), reargument denied (Aug. 29, 2013), appeal denied, 86 A.3d 231 (Pa. 2014)(citations omitted). The Commonwealth bears the burden of demonstrating that it exercised due diligence by a preponderance of the evidence. Commonwealth v. Bradford, 616 Pa. 122, 136 (2012).

The standard of review relating to the application of Rule 600 is "whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party." Commonwealth v. Malgieri, 889 A.2d 604, 606 (Pa. Super. 2005).

A criminal complaint in the instant matter was filed June 18, 2012, therefore, for purposes of Rule 600, the mechanical run date was June 18, 2013. Jury selection began on February 9, 2015, 966 days after the filing of the complaint. However, the bulk of this delay was attributable to the Defendant's medical condition, the unavailability of Defense counsel, and a backlog of the Court's docket. (See N.T., Rule 600 Hearing/Jury Selection, 2/9/15, pg. 83-84). No evidence was presented to indicate that the Commonwealth unprepared for trial. The Assistant District Attorney admitted 39 emails detailing her communications with witnesses, Defense counsel and the Court attempting to bring this case to trial. See exhibits C-1 through C-39. Additionally, there was no prolonged judicial absence triggering a duty on the part of the Commonwealth to seek another courtroom in which to try this case. (N.T., Rule 600 Hearing/Jury Selection, 2/9/15, pg. 83).

For purposes of Rule 600, the only time that is not excludable or excusable appears to be 135 days. (98 days from the date of arrest (6/18/12) until the first pretrial conference (9/24/12) and 37 days from the time the case was placed on the trial list (11/13/12) until the first trial listing (12/20/12)).

Therefore, 831 days are excludable or excusable based on the Defendant's medical condition, defense counsel's schedule and the Court's unavailability and not on a failure of the Commonwealth to exercise due diligence. Therefore, the adjusted run date is September 27, 2015 (831 days from the mechanical run date of June 18, 2013).[11] Trial commenced on February 9, 2015, well before the adjusted run date. Therefore, the Court did not abuse its discretion by denying the motion.

## V.    Conclusion

Based on the foregoing, the judgement of sentence should be affirmed.

BY THE COURT:

_____
STEVEN T. O'NEILL    J.

Copies sent on _8/7/15_ to the following:
Robert Falin, Esq. (District Attorney's Office)
Francis Walsh, Esquire ✓
Clerk of Courts

Secretary

---

[11] There was some argument regarding a period of 28 days from 12/20/12-1/17/13 and whether that continuance was properly placed on the Defendant where the Defendant was not transported. (N.T., Rule 600 Hearing/Jury Selection, 2/9/15, pg. 9-10). Even assuming, arguendo, that the time should count against the Commonwealth, Defendant was still tried well before an adjusted run date of August 31, 2015 if that time is not properly excludable.